**OFFICE OF THE FEDERAL PUBLIC DEFENDER**
**DISTRICT OF MARYLAND**
NORTHERN DIVISION
TOWER II, 9th FLOOR
100 SOUTH CHARLES STREET
BALTIMORE, MARYLAND 21201-2705
TEL:  (410) 962-3962
FAX:  (410) 962-3976
TOLL FREE: (855) 213-8450

JAMES WYDA
FEDERAL PUBLIC DEFENDER

SEDIRA S. C. BANAN
ASSISTANT FEDERAL PUBLIC DEFENDER

March 5, 2025

<u>Via ECF</u>
Hon. George Russell
United States District Chief Judge
District of Maryland
101 West Lombard Street – Chambers 7A
Baltimore, MD  21201

>       Re:     *United States v. Andrew Rubiano*
>               Crim. No. GLR-24-119

Dear Chief Judge Russell:

The Defense submits this sentencing letter in anticipation of the sentencing scheduled for March 19, 2025.[1] Under the parties' Rule 11(c)(1)(C) plea agreement by which Mr. Rubiano pled to Count One of the Indictment charging him with possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B), the parties stipulated that a sentence of 10 years' imprisonment is the sentence that is sufficient but not greater than necessary to comply with sentencing goals of 18 U.S.C. § 3553(a). The ten years constitutes the statutory mandatory minimum because Mr. Rubiano is subject to the enhanced penalties under 18 U.S.C. § 2252A(b)(2) for having a qualifying prior sexual offense conviction.

<u>Andrew Rubiano's History and Characteristics</u>

Mr. Rubiano was born in 1967 in Baltimore, Maryland, to Timoteo Rubiano and Joyce Heckart. Of Filipino descent, he is the youngest of four children, with three sisters. While his sisters  moved outside Maryland, Mr. Rubiano has always lived in the local area. He still maintains contact with two of his sisters – one in Florida, and the other in North Carolina. Upon release, he hopes to reside with family.

---

[1] Under the scheduling order (Dkt. 28), the Presentence Report (PSR) will be docketed on March 17, 2024. At the time of this filing, counsel has not reviewed the PSR. It is anticipated that the parties' agreement for the appropriate sentence will accord with the PSR calculated guidelines.

Mr. Rubiano grew up in an economically comfortable household. His mother, a nurse who later became a homemaker, and father, an anesthesiologist, met during medical schooling. His father was a workaholic and largely absent from the home. His father never went on the family vacations, preferring to work rather than be with the family. His absence created a significant emotional rift in the family, particularly with his son. The parents eventually divorced in 1987 after 28 years of marriage when Mr. Rubiano was 18 years old. His mother married his stepfather that same year. Mr. Rubiano remained close to his mother until her death in 2011 from bone cancer. His father died on November 6, 2024, while Mr. Rubiano was incarcerated on this case.

Mr. Rubiano married his first wife in 1990 and the couple had one child, a daughter.  The couple divorced in 1992. In 1999, Mr. Rubiano married his second wife and had a son; the couple separated in 2002. Outside his family, Mr. Rubiano has struggled to maintain lasting personal relationships.

Professionally, Mr. Rubinao has always worked in the restaurant industry, typically as a chef. He has worked at various local restaurants over the years, more recently as a chef at Gunpowder Lodge in Kingsville, Maryland.

For many years, Mr. Rubiano has struggled with chronic depression. While he has received some mental health treatment in the past, he has often self-medicated with alcohol (and intermittently with medical marijuana). He acknowledges that his depression and alcohol use have impaired his daily functioning at times. Indeed, his prior offenses include numerous substance abuse-related convictions. Mental health diagnoses include an unspecified mood disorder, cannabis abuse, and alcohol abuse. At the Chesapeake Detention Facility, he has taken Lexapro, an anti-depressant, and Hydroxyzine, a medication sometimes used to treat anxiety.

Medically, Mr. Rubiano was diagnosed with degenerative disc disease, which qualified him for disability benefits. The medical condition has resulted in daily and severe nerve pain throughout his body, leading to restricted mobility. He has had several prior surgeries in the last two decades for his disc degeneration. He was scheduled for an October 2023 additional surgery to occur on his back and neck to relieve nerve pain, but the surgery was canceled due to his arrest on this case. Below is an excerpt from an August 29, 2023, pre-operative evaluation with additional medical records attached as Exhibit A.

4/23/24, 3:24 PM            Rubiano, Andrew Phillip "Drew" (MRN 403328) DOB: 05/30/1967 Encounter Date: 08/29/2023

**Imaging:** On my review of his cervical and lumbar spine imaging he has significant lumbar degenerative disc disease at L5-S1 with severe left greater than right foraminal stenosis with impingement of the left L5 nerve root. At L4-5 more mild findings with really no significant stenosis. His cervical spine MRI scan which was August 6, 2022 demonstrates severe bilateral foraminal stenosis at C6-7 below previous plated ACDF at C5-6. He also has significant foraminal stenosis C4-5 above the plate.

**Assessment and Plan:** History physical exam and imaging studies points to both cervical and lumbar radiculopathy. The patient has been refractory to all nonoperative measures. He had a point where he would like to consider surgery and I talked to him about a 2 procedure approach performed with the same anesthetic given the fact that he be in the supine position we talked about an anterior lumbar interbody fusion at L5-S1 as well as ACDF in the cervical spine. This would save him to recovery statement anesthetic and likely stave him of full hospitalization. He certainly was open to this idea and he is very healthy from a medical standpoint. The specific risks of surgery were discussed at length with the patient and plans were made accordingly for surgery. Thank you

2

<u>Nature and Circumstances of the Offense</u>

The nature of the offense is serious, as outlined in the plea agreement's factual stipulation. Mr. Rubiano descended into troubling and illegal online behavior. In the time approaching his arrest on September 6, 2023, Mr. Rubiano was spending most of his days housebound due to nerve pain and acute depression. Alone, he was drinking heavily and spending many hours online. He recognizes the disturbing nature of his conduct online and his need for intensive treatment.

<u>Ten Years' Imprisonment Followed by Supervision Fulfills the § 3553(a) Sentencing Goals</u>

A sentence of 10 years' imprisonment for possession of child pornography reflects the seriousness of the offense, particularly for an individual approaching 60 years of age with medical complications. This term is the longest Mr. Rubiano has ever served and reflects the mandatory minimum incarceration term lawmakers deemed appropriate to address the recidivism factor present here. The sentence reflects the serious nature of punishment even for non-contact offenses. For those not already deterred by the immorality of child pornography, the fear of being caught and punished with a decade imprisonment term affords deterrence.

While the lengthy imprisonment term will incapacitate Mr. Rubiano from further illicit online activity, the terms of supervision will also serve to protect the public from him reoffending. At the of his offense, Mr. Rubiano was no longer on federal supervision conditions for his prior federal sex offense.

The fundamental treatment needs for Mr. Rubiano include medical treatment to address his degenerative disc disease, mental health and substance abuse treatment to address chronic alcohol abuse and depression, and sex offense treatment. While BOP treatment resources are limited and often are not fully available until the final years of BOP incarceration, Probation can offer ongoing treatment resources on supervised release.

<u>Requests for Sentencing Judgment</u>

The Defense respectfully requests that the Judgment and Commitment Order reflect a recommendation for presentence confinement credit from September 6, 2023, the date of Mr. Rubinao's arrest, since he has remained in continuous custody. Due to Mr. Rubiano's medical treatment needs, including lumbar surgery, the Defense requests, with priority, a Federal Medical Center, such as Butner or Devens, with programming to include treatment for mental health, substance abuse, and sex offenses.

Regarding supervised release, the Defense requests an appropriate term and reserves the right to object to recommended conditions of supervision contained in the forthcoming PSR.

Respectfully submitted,

_____/s/_____

SEDIRA S. BANAN #804827
Assistant Federal Public Defender
Office of the Federal Public Defender
100 South Charles Street
Tower II – 9th Floor
Baltimore, Maryland 21201
(410) 962-3962 (t)
(410) 962-3976 (f)
Email: Sedira_Banan@fd.org


Cc: Colleen McGuinn, AUSA; Carissa Perez, USPO