

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*

*Colleen Elizabeth McGuinn*  *Suite 400*  *DIRECT: 410-209-4823*
*Assistant United States Attorney*  *36 S. Charles Street*  *MAIN: 410-209-4800*
*Colleen.McGuinn@usdoj.gov*  *Baltimore, MD 21201-3119*  *FAX: 410-962-3091*

March 11, 2025

The Honorable George Levi Russell, III
United States District Court, Chief Judge
Garmatz Federal Courthouse
101 W. Lombard Street
Baltimore, MD 21201

    Re:    United States v. Andrew Philip Rubiano
              Criminal No. GLR-24-119

Dear Judge Russell:

      The sentencing hearing in the above-captioned matter is currently scheduled for March 19, 2025 at 10:00 a.m. As calculated in the Presentence Investigation Report (PSR), ECF 32, the Defendant's adjusted offense level is 28, and his criminal history category is III, resulting in an advisory USSG range of 97-121 months. Possession of Child Pornography, because of the Defendant's prior conviction, carries a mandatory minimum sentence of 120 months, making the final guidelines range 120-121 months.

      The government will be submitting restitution at a later date. Due to the defendant's request for an expedited sentencing, the restitution information is still forthcoming. Pursuant to the statute, the government is seeking an extension of 90 days to finalize the restitution requests, and the Defendant does not object. The defendant will also be required to pay the $100 special assessment fee. The government is not seeking any other fine or monetary penalty under 18 U.S.C. § 3014(a). The government is seeking forfeiture of the various devices listed in the indictment.

      The government has submitted Victim Impact Statements for the victims of the commercially available child pornography. Although only two of these victims have elected to participate in the court process in this way, there are approximately 20 other victims involved in the materials the Defendant collected.

      The government recommends a sentence of 120 months to the Bureau of Prisons followed by a lifetime of suerpvised release, and a special assessment of $100. It is sufficient but not greater than necessary to comply with the factors outined in 18 U.S.C. §3553(a), some of which are discussed below.

**SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)**

1. <u>The Nature and Circumstances of the Offense/History and Characteristics of the Defendant:</u>

The serious nature and circumstances of the offense, described below and more fully in the Statement of Fact, clearly calls out for a sanction sufficient to reflect the Defendant's conduct. 18 U.S.C. § 3553(a)(1).  The Defendant has a persistent sexual attraction to children.  His decision to seek out child sexual abuse materials (CSAM), repeatedly and incessantly, knowing full well that his conduct was criminal, is disturbing.  His collection of commercially available CSAM is evidence of this troubling attraction.  As detailed in the Statement of Fact (ECF 26), that collection included young prepubescent children engaged in sex acts with adults.

Aside from the collection of commercial CSAM, the Defendant possessed a large collection of screen captures and recordings where he is essentially on Facetime watching CSAM with another person – in this way, the CSAM is not captured as an internet search and gives a certain level of detection avoidance.  The Defendant did record these "chats" thereby creating a collection of CSAM in his Google account that was not uploaded directly from the internet. In one example, the Defendant's face appears in the top left corner of the screen as a video depicting prepubsescent female children engaged in sex acts plays on the main screen. The Defendant had videos of himself masturbating as well as some surreptitious images of children outside waiting for a bus to school.

All of this disturbing and criminal behavior comes after the Defendant's prior conviction, in 2005, for Interestate Travel with Intent to Engage in Illicit Sexual Conduct, 18 U.S.C. §2423. In that case, JSW-04-198, in the Northern District of California, the Defendnant traveled from Maryland to San Francisco, California by airplane, beliueving he was going to be meeting up with a 13 year old girl named "Kim."  "Kim" was actually an uncover San Franscico Police Officer.  The government has attached the Judgment and PSR from that case (redacted for the Defendant's privacy, but so that the agreed statement of fact is avialable) here as Attachment A. He received a sentence of 70 months.

As noted in this PSR, ECF 32, the Defendant's supervision in the California case was revoked in December 2009 because he was in impermissible possession of cell phones and had admitted to going on the internet to engage in sexual chats.  The Defendant received a sentence of 12 months for violating his supervised release.

It is for these reasons that the government believes that a lifetime period of supervised release is appropriate in this case.  Given the defendant's recidivism, the government believes the most significant term of monitoring and treatment services following his release is warranted to keep the community, particularly children in the community, safe.

2. <u>The Need for the Sentence Imposed:</u>

The sentence imposed in this case needs to reflect the seriousness of the offense, promote

respect for the law, and provide just punishment for the offense. 18 U.S.C. § 3553(a)(2)(A). This is very serious conduct, especially when one considers the Defendant's prior conviction. A sentence of 120 months, with lifetime supervision, will vindicate the interests of these victims.

This sentence is also necessary to afford adequate deterrence to criminal conduct, 18 U.S.C. § 3553(a)(2)(B), and to protect the public from further crimes, U.S.C. § 3553(a)(2)(C). . There is a pressing need to protect the public from this Defendant in particular, especially upon release of his incarceration. The Defendant has been here before, has violated his supervision before, and is now a recidivist. Lifetime supervision is warranted in this case.

For all of the reasons stated above, the Court should impose a sentence of ten (10) years in prison, followed by a lifetime period of of supervised release, impose a $100 special assessment, address the $5,000 additional special assessment, and order forfeiture. The request for restitution will be filed within 90 days of the sentencing.

        Very truly yours,

        Kelly O. Hayes
        United States Attorney

By: _____
        Colleen Elizabeth McGuinn
        Assistant United States Attorney